hSAUNDERS, Judge,
dissenting.
The evidence presented and the findings of the trial judge both support the proposition that the costs of reorientating the business so as to permit a side entrance and a side parking lot would present a partial cure for the damage done to the defendant, but would not be a complete cure. Mr. Gene Cope, one of defendants’ expert real estate appraisers, testified as follows:
“I conclude after analyzing the physical problems that the restaurant will have that the only way to cure the problem, and I want to stress that this is not a 100% cure, it is only a partial cure because you can’t physically move the building back, which would be the ideal situation. The only way to cure it is to reorient the building. In other words, you have to take the front and move it somewhere else.”
The reorientation of the building presents a partial cure, but does not give a 100% cure for the damages suffered by the defendants. A 100% cure is what is mandated by the Louisiana Constitution Article I § 4. In appropriate cases, “the defendant landowners must be compensated by an amount additional to the surface value of the land and improvements taken in order that they ‘be compensated to the full extent of [their] loss.’ ” State Through Dept. of Highways v. Constant, 369 So.2d 699, 704 (La.1979).
lain the present case, the evidence clearly shows that the value of the building itself, even after realigning the entrance, is $35,-000.00 less than it would be without the taking. The realigning of the building has prevented substantial economic loss and, thus, has accrued to the benefit of the state, as the parties are entitled to claim the economic losses caused by the taking.
The realignment of the building has allowed the defendants to remain in business and continue to operate a restaurant, thereby avoiding substantial economic loss to the business and ultimately to the state. This *304 realignment has minimized defendants’ damages and this is a prudent and realistic action which benefits both the defendants and the state. However, the fact that the defendants have been able to minimize their damages and remain in business does not preclude them from recovering the full amount of their losses, which includes the diminution in the value of their building. To hold otherwise circumvents the Constant ease and the constitutional principle of full compensation.
In the case of State, DOTD v. Dietrich, 555 So.2d 1355 (La.1990), the supreme court allowed damages for the taking of property for severance damage and also for what it termed to be economic loss. These economic losses included monies “to restore access to the western section of their land and resume some cattle raising_” Id. at 1359. As thus used, the monies were exactly the same as those awarded by the trial court in the present case under the title “cost to cure” rather than that of economic loss. The trial court’s award allowed the Manuels to gain access to the east side of its building and resume business. The Dietrich case fully supports the trial court’s award in the present case.
I feel that, based upon these authorities, the awards made by the trial court are correct.
For the above and foregoing reasons, I respectfully dissent.